**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHRISTOPHER E. KOCH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-07-0015-HE |
| ) | |
| J. D. DANIELS, Assistant Director of the ) | |
| Oklahoma Pardon and Parole Board, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Christopher Koch, a state prisoner appearing *pro se*, instituted this action asserting claims pursuant to 42 U.S.C. § 1983. He has sued J. D. Daniels, Assistant Director of the Oklahoma Pardon and Parole Board (the "Parole Board"), claiming that statutory and Parole Board policy changes in parole consideration and the abolishment of the Preparole Conditional Supervision Program (the "PCSP") violate the Ex Post Facto Clause and the Due Process Clause.

Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Doyle W. Argo. He found that the complaint fails to state a claim for relief under the Ex Post Facto Clause because the challenged changes to parole consideration and the abolition of the PCSP did not produce a sufficient risk of greater punishment. Judge Argo further held that plaintiff could not state a claim for a violation of due process because "[p]laintiff has failed to allege a constitutionally-derived or state-created liberty or property interest in parole or preparole status." *See* Report and Recommendation, p. 11. In the alternative, Judge Argo found that plaintiff failed to state a claim because his

§ 1983 claims were barred by the applicable two-year statute of limitations. He has recommended that the action be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff filed an objection to the Report and Recommendation. He asserts that, in Wilkinson v. Dotson, 544 U.S. 74 (2005), the United States Supreme Court departed from its prior holdings, relied upon by Judge Argo, and recommended that the respondents in that case "receive the benefit of the [parole] statutes in place at the time of [their] sentencing." *See* Plaintiff's Objection to the Report and Recommendation, p. 2. Plaintiff misconstrues this holding. Wilkinson merely held that state prisoners, who claimed that state parole procedures violated the Federal Constitution, could bring an action pursuant to § 1983, instead of being exclusively limited to habeas relief. 544 U.S. at 84. This case did not address the ultimate issue of whether the state parole statues were unconstitutional.

Plaintiff relies upon the stated facts in Harper v. Young, 64 F.3d 563 (10th Cir. 1995), and unsupported anecdotal evidence for the proposition that a prisoner convicted of murder can be released on parole or preparole supervision. Even if the court were to accept plaintiff's assertion as correct, this does not alter the Magistrate Judge's analysis that the challenged state actions did not produce a sufficient risk of greater punishment.

Last, plaintiff argues that Judge Argo improperly considered whether the statute of limitations barred his claims and he cites Day v. McDonough, 126 S.Ct. 1675 (2006). The court in Day held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." 126 S.Ct. at 1284.

The court agrees with the Magistrate Judge's analysis of the plaintiff's claims. Accordingly, the court **ADOPTS** the Report and Recommendation and **DISMISSES** plaintiff's claims with prejudice to refiling.

**IT IS SO ORDERED**.

Dated this 10th day of July, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE